1

2

3

4

5

6

7                        **UNITED STATES DISTRICT COURT**

8                        **EASTERN DISTRICT OF CALIFORNIA**

9

10    JASON R. FRYE,                                Case No. 1:25-cv-00236-SKO

11                                                  ORDER TO SHOW CAUSE REGARDING
              Plaintiff,                            SUBJECT MATTER JURISDICTION
12
      v.
13                                                  (Doc. 1)

14    THE ASSOCATION OF STATE AND
      PROVINCIAL PSYCHOLOGY BOARD,
      et al.,
15

16              Defendants.

17        On February 25, 2025, Plaintiff Jason R. Frye, a California citizen proceeding *pro se*, filed

18    a complaint against The Association of State and Provincial Psychology Boards, Pearson I. Vue,

19    and "each of the 50 states psychology boards," including the California Board of Psychology,

20    asserting various claims. (Doc. 1.)  Plaintiff asserts this Court has subject matter jurisdiction

21    under 28 U.S.C. § 1332. (Doc. 1 at 16. *See also* Doc. 1-1.)

22        The burden of establishing subject matter jurisdiction "rests upon the party asserting

23    jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see also*

24    *Romero v. Securus Techs., Inc.*, 216 F. Supp. 3d 1078, 1085 (S.D. Cal. 2016) ("As the party

25    putting the claims before the court, Plaintiffs bear the burden of establishing jurisdiction.").  The

26    Court may consider the issue of subject matter jurisdiction *sua sponte* at any time during the

27    proceeding, and if the Court finds "it lacks subject matter jurisdiction, the court must dismiss the

28    action." Fed. R. Civ. P. 12(h)(3); *Scholastic Ent., Inc. v. Fox Ent. Grp., Inc.*, 336 F.3d 982, 985

                                                1

1    (9th Cir. 2003). *See also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (noting

2    federal courts are "obligated to consider *sua sponte* whether [they] have subject matter

3    jurisdiction"). As described below, Plaintiff's complaint fails to sufficiently plead federal

4    jurisdiction.

5         Title 28 U.S.C. § 1332(a) provides jurisdiction over certain actions between citizens of

6    different states. Complete diversity is a requirement of 28 U.S.C. § 1332. Thus, the "citizenship

7    of each plaintiff [must be] diverse from the citizenship of each defendant." *Caterpillar Inc. v.*

8    *Lewis*, 519 U.S. 61, 68 (1996). Here, Defendant California Board of Psychology is part of the

9    California state government. *Holcomb v. California Bd. of Psychology*, No. 2:15-CV-02154-

10   KJM-CKD, 2016 WL 3126127, at *3 (E.D. Cal. June 3, 2016) (citing Cal. Bus. & Prof. Code §§

11   100–01). Since Plaintiff and Defendant California Board of Psychology are citizens of the same

12   state, the complaint fails to plead complete diversity to establish jurisdiction under § 1332. *See*

13   *Garcia-Cardenas v. Immigration Legal Servs., APC,* No. 1:13-CV-01065-AWI-SKO, 2013 WL

14   4542223, at *2 (E.D. Cal. Aug. 27, 2013) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806) (no

15   plaintiff can be a citizen of the same state as any of the defendants)). Accordingly,

16        1.  Within **fourteen days** of the issuance of this order, Plaintiff **SHALL** show cause in

17            writing why his claims should not be dismissed for lack of subject matter jurisdiction.

18        2.  Alternatively, within **fourteen days**, Plaintiff may either file an amended complaint

19            that contains allegations addressing the Court's jurisdiction and the issues identified in

20            this order or may voluntarily dismiss his claims.

21   **Failure to comply with this order will result in a recommendation to the to-be-assigned**

22   **district judge that the case be dismissed without prejudice due to lack of jurisdiction.**

23

24   IT IS SO ORDERED.

25   Dated:   **March 10, 2025**                    /s/ *Sheila K. Oberto*

26                                                UNITED STATES MAGISTRATE JUDGE

27

28