1
2
3
4
5
6
7
8
9

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10    JASON R. FRYE, | Case No.: 1:25-cv-00236-KES-SKO |
| 11         Plaintiff, | **FINDINGS AND RECOMMENDATIONS THAT (1) DEFENDANTS' MOTIONS** |
| 12        vs. | **TO DISMISS BE GRANTED WITH LEAVE TO AMEND AS TO COUNTS 3,** |
| 13    THE ASSOCIATION OF STATE AND PROVINCIAL PSYCHOLOGY BOARDS | **4, 5, 6, 9, 10, AND 11 AND (2) PLAINTIFF'S MOTION FOR LEAVE** |
| 14    (ASPPB), | **TO FILE A THIRD AMENDED COMPLAINT BE DENIED AS MOOT** |
| 15        Defendants. | (Docs. 18, 19, 24) |
| 16 | <u>**OBJECTIONS DUE: 21 DAYS**</u> |
| 17 | |

18

19                    **I.     INTRODUCTION**

20         Plaintiff Jason R. Frye, proceeding *pro se*, initiated this action against The Association of

21 State and Provincial Psychology Boards ("ASPPB") and NCS Pearson, Inc. ("Pearson") (sued as

22 "Pearson Vue") (collectively, "Defendants") by filing a complaint on February 24, 2025. (Doc. 1).

23 On March 11, 2025, the undersigned issued an order to show cause requiring Plaintiff to sufficiently

24 plead federal jurisdiction. (Doc. 3). March 19, 2025, Plaintiff filed a First Amended Complaint,

25 (Doc. 4), and a Second Amended Complaint on June 23, 2025. (Docs. 12 ("SAC"), 23).

26         Defendants each filed the instant Motions to Dismiss the First Amended Complaint on July

27 7, 2025. (Docs. 18, 19). On July 15, 2025, Plaintiff filed an opposition to the motions, (Doc. 23),

28 and on July 25, 2025, Defendants each filed a reply, (Docs. 28, 29). The motions were referred to

1  the undersigned for the preparation of findings and recommendations.  (*See* Doc. 22).

2      The Court has reviewed the Defendants' Motions to Dismiss and finds the matter suitable

3  for decision without oral argument.  For the reasons set forth below, the undersigned recommends

4  that Defendants' Motions to Dismiss (Docs. 18, 19) be granted.

5                    **II.    REQUESTS FOR JUDICIAL NOTICE**

6      Defendant ASPPB requests that the Court take judicial notice of the California Department

7  of Consumer Affairs Board of Psychology "How to Apply for a Licensure as a Psychologist."  (Doc.

8  19-3).

9      Pursuant to Federal Rule of Evidence 201, a court may properly take judicial notice of

10  matters in the public record.  *See Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006).  A court may

11  take judicial notice of a public record not for the truth of the facts recited in the document, but for

12  the existence of the matters therein that cannot reasonably be questioned.  *See* Fed. R. Evid. 201.

13  A court may also judicially notice a fact that is "not subject to reasonable dispute," or a fact that is

14  "generally known," or "can be accurately and readily determined from sources whose accuracy

15  cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)–(2) ("[A] court cannot take judicial

16  notice of disputed facts contained in [judicially noticeable] public records.") (citation omitted).

17      Because the document Defendant ASPPB requests to be judicially noticed are government-

18  issued, the undersigned recommends granting Defendant's request to take judicial notice of the

19  document, although the Court will not take notice of any disputed facts therein.  *See, e.g.*, *Gaetz v.*

20  *City of Riverside,* 5:23-cv-01368-HDV (SHKx), 2024 WL 1269311, at *10 (C.D. Cal. March 22,

21  2024) (taking judicial notice of a city's charter); *Love v. Marriott Ownership Resorts, Inc.,* No. 20-

22  CV-07523-CRB, 2021 WL 1176674, at *3 (N.D. Cal. Mar. 29, 2021) (taking judicial notice of

23  public website and documents maintained by government agencies); *Diamond S.J. Enterp., Inc. v.*

24  *City of San Jose*, 395 F. Supp. 3d 1202, 1217–18 (N.D. Cal. 2019) (finding the Court would take

25  judicial notice of city and county decisions because "[p]ublic records, including judgments and

26  other publicly filed documents, are proper subjects of judicial notice") (citing *United States v.*

27  *Black*, 482 F.3d 1035, 1041 (9th Cir. 2007)); *Soublet v. County of Alameda*, No. 18-cv-03738, 2019

28  WL 12517063, at *16 n.8 (finding county code section proper subject of judicial notice) (N.D. Cal.

1  Dec. 6, 2019) (citing *City of Sausalito v. O'Neill*, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004)).

2  ### III.     FACTUAL & PROCEDURAL BACKGROUND

3      In considering Defendants' motions, the Court accepts as true all factual allegations
4  contained in the SAC.  *See, e.g.*, *Rotkiske v. Klemm*, 589 U.S. 8, 10 n.1 (2019) (citing *Swierkiewicz*
5  *v. Sorema N. A.*, 534 U.S. 506, 508 n.1 (2002)).

6      Plaintiff alleges subject matter jurisdiction under federal question and diversity of
7  citizenship.  (SAC at 3.)  As to diversity of citizenship, Plaintiff alleges Defendant ASPPB is a
8  citizen of Georgia and Defendant Pearson is a citizen of Minnesota, however Plaintiff does not
9  allege a precise amount in controversy.  (*Id.*)  Instead, he alleges "[t]he amount collected from for
10  each attempt for testing center fees, exam fees, and other fees collected for the purpose of taking
11  the exam with each examinee paying roughly 700.00 per attempt.  The amounts paid for preparation
12  programs to prepare for the exam."  (*Id.* at 3.)  As to federal question jurisdiction, Plaintiff alleges
13  violations of the Fourteenth Amendment and Title VI of the Civil Rights Act.  (*Id.*)

14      Plaintiff's allegations center around Examination for Professional Practice in Psychology
15  ("EPPP exam"), the licensing exam for psychologists, which is manufactured by Defendant ASPPB
16  and distributed by Defendant Pearson.  (*Id.* at 4.)  Each state licensing board mandates that a
17  licensing candidate take the EPPP exam.  (*Id.*)  Starting in or around 2012, Defendant ASPPB
18  posted a statement regarding their goal to bring the field of psychology in-line with other medical
19  industries.  (*Id.*)  Passage rates steadily declined and, as of 2023, the first-time passage rate for the
20  EPPP exam decreased to 33%.  (*Id.*)  In 2013, Defendant ASPPB also posted an opinion notice
21  claiming that all Applied Behavioral Analysis licensing should fall under Psychology Board
22  jurisdictions, which would make the ASPPB the only exam provider for these services.  (*Id.*)

23      Plaintiff alleges the following claims: (1) product liability as a manufacturing defect, (2)
24  product liability design defect, (3) monopolizing the psychology licensing exam, (4) negligence,
25  (5) attempted monopoly, (6) fraud, (7) using AI to alter the test questions as the test taker works,
26  (8) unjust enrichment, (9) violation of the Fourteenth Amendment's guarantees of equal protection
27  and due process, (10) violation of Title VI of the Civil Rights Act, and (11) discriminatory and
28  biased treatment based on educational background as a violation of Equal Protection Clause of the

Fourteenth Amendment and Title VI of the Civil Rights Act.  (*See id.* at 4–8.)

Plaintiff seeks the following relief: (1) an order certifying this action as a class action and finding Plaintiff to be an adequate representative, (2) injunctive and other equitable relief, (3) treble damages, or alternatively, restitution and/or disgorgement of all amounts wrongfully charged to and received from Plaintiff and class members, and (4) declaratory relief.  (*See id.* at 9.)

Defendants each filed a motion to dismiss for failure to state a claim.  (Docs. 18, 19.)

### III.    LEGAL STANDARD

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'"  *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011).  "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'"  *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party."  *Great Minds v. Office Depot, Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019).  "[D]etermining whether a complaint states a plausible claim . . . is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 663–64.  "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory.'"  *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."  *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted).  "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."  *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

To the extent the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001). Where the Court has already granted a plaintiff leave to amend a complaint, however, the Court's discretion to decide whether to allow additional opportunities to amend is "particularly broad." *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004); *accord Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 794 (9th Cir. 2012). Ordinarily, a *pro se* litigant will be granted an opportunity to amend deficient pleadings. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014). However, the Court may dismiss a complaint without leave to amend where its deficiencies will not be cured by an amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013).

## VI.    DISCUSSION

**A.    Plaintiff fails to state a claim against either defendant.**

**1.    Plaintiff has not stated a claim against Defendant Pearson.**

Plaintiff alleges no facts related to Defendant Pearson and therefore, the undersigned finds that he has failed to state any claim against as to that Defendant. *See Whitsitt v. City of Lodi*, No. 218CV1964KJMEFBPS, 2020 WL 5095866, at *2 (E.D. Cal. Aug. 28, 2020), *report and recommendation adopted*, No. 218CV1964KJMEFBPS, 2020 WL 6198690 (E.D. Cal. Oct. 22, 2020) ("Plaintiff must allege the specific acts (or failures to act) of the defendant which, if true, establish a cause of action. *Id.* The allegations must be short and plain, simple and direct and describe the relief that plaintiff seeks."); *see also* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader

5

is entitled to relief."). This applies to all claims against Defendant Pearson and, as such, the undersigned recommends that all claims against Defendant Pearson be dismissed without prejudice. *See Atcherley v. Clark*, No. 1:12CV00225 DLB PC, 2013 WL 622031, at *5 (E.D. Cal. Feb. 19, 2013).

> **2.    Plaintiff has not stated a claim against Defendant ASPPB.**

> a.    Product Liability[1] (Counts One & Two)

Plaintiff's first and second claims are for product liability, specifically one claim of manufacturing defect and one claim of design defect. (*See* SAC at 4–5.) Plaintiff's manufacturing defect claim, count one, is premised on the theory that the EPPP exam "deviates from its intended design by way of not testing for entry level practitioners of psychological services," and his design defect claim, count two, is premised on the theory that the EPPP exam "was designed incessantly dangerous due to its continued and significant decrease in pass rates, causing undue stress, diminished esteem, apathy, and excessive fear of taking this exam. (*Id.* at 4.)

"To plead a strict liability manufacturing defect claim under California law, Plaintiff 'must demonstrate that the relevant product deviated from the manufacturer's intended result or from other ostensibly identical units of the same product line in such a manner as to cause [her] injury.'" *Garcia v. Sanofi Pasteur Inc.*, 617 F. Supp. 3d 1169, 1172 (E.D. Cal. 2022) (quoting *Hill v. Davol Inc.*, 2016 WL 10988657, at *3 (C.D. Cal. Nov. 16, 2016)). And on a motion to dismiss under Rule 12(b)(6), in order "to satisfy *Twombly* and *Iqbal*, a plaintiff 'must identify/explain how the [product] either deviated from [the manufacturer's] intended result/design or how the [product] deviated from other seemingly identical [products].'" *Id.* (*Dilley v. C.R. Bard, Inc.*, 2014 WL 1338877, at *3 (C.D. Cal. Apr. 3, 2014)). "A bare allegation that the [product] had 'a

---

[1] In the section of the form complaint prompting a plaintiff to explain how the amount in controversy "is more than $75,000, not counting interest and costs of court," Plaintiff wrote "[t]he amount collected from for each attempt for testing center fees, exam fees, and other fees collected for the purpose of taking the exam with each examinee paying roughly 700.00 per attempt [and t]he amounts paid for preparation programs to prepare for the exam." (SAC at 3.) Plaintiff also alleges that he has "taken [the] exam 4 times at $700.00 per attempt" and has "taken 2 test prep programs and utilized 4 other resources for preparing to take [the] exam." (*Id.* at 5.) Four attempts at $700 per attempt is $2,800. While it is unlikely that the two "preparation programs" and the four "other resources" cost Plaintiff in excess of $72,200, Plaintiff does also request treble damages. (*Id.* at 9.) Therefore, because the undersigned cannot say with "legal certainty" that the amount in controversy is not more than $75,000, the undersigned recommends exercising diversity jurisdiction over Plaintiff's state law claims and evaluating them on the merits. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

1    manufacturing defect' is an insufficient legal conclusion." *Id.*

2        Turning to Plaintiff's design defect claim, "[a] design defect exists when the product is built

3    in accordance with its intended specifications, but the design itself is inherently defective." *Michel*

4    *v. United States*, No. 16CV277-GPC(AGS), 2017 WL 4922831, at *7 (S.D. Cal. Oct. 31, 2017)

5    (quoting *Chavez v. Glock, Inc.*, 144 Cal. Rptr. 3d 326, 342 (Cal. Ct. App. 2012)).   To plead a

6    cognizable claim for design defect, a "plaintiff must ordinarily show '(1) the product is placed on

7    the market; (2) there is knowledge that it will be used without inspection for defect; (3) the product

8    proves to be defective; and (4) the defect causes injury.'" *Conroy v. Ridge Tool Co.*, No. 4:20-CV-

9    05882-YGR, 2022 WL 911138, at *3 (N.D. Cal. Feb. 3, 2022) (quoting *Nelson v. Superior Ct.*, 50

10   Cal. Rptr. 3d 684, 688 (Cal. Ct. App. 2006)).

11       In evaluating Plaintiff's claims for product liability, the undersigned first notes that a

12   products-liability claimant "must show that the object or instrumentality claimed to be defective

13   was in fact a 'product.'" *Brooks v. Eugene Burger Management Corp.*, 264 Cal. Rptr. 756, 764

14   (Cal. Ct. App. 1989).   "A product is a physical article which results from a manufacturing process

15   and is ultimately delivered to a consumer." *Green v. ADT, LLC*, No. 16-CV-02227-LB, 2016 WL

16   3208483, at *3 (N.D. Cal. June 10, 2016) (quoting *Pierson v. Sharp Memorial Hospital*, 264 Cal.

17   Rptr. 673, 676 (Cal. Ct. App. 1989)); *see also See In re Soc. Media Adolescent Addiction/Pers. Inj.*

18   *Prods. Liab. Litig.*, 702 F. Supp. 3d 809, 841 (N.D. Cal. 2023) ("the Restatement clarifies that

19   ideas, content, and free expression have consistently been held not to support a products liability

20   claim"), *motion to certify appeal denied*, No. 4:22-MD-03047-YGR, 2024 WL 1205486 (N.D. Cal.

21   Feb. 2, 2024).   Because the EPPP exam is not a "physical article" resulting from a "manufacturing

22   process" and then "delivered" to a customer, the undersigned finds that the EPPP exam is not

23   "product" under California law and therefore, Plaintiff's claims for products liability fail as a matter

24   of law.   *Accord T.V. v. Grindr, LLC*, No. 3:22-CV-864-MMH-PDB, 2024 WL 4128796, at *21

25   (M.D. Fla. Aug. 13, 2024) (collecting cases in which courts applied state law . . . holding that "strict

26   liability claims cannot proceed based on content-based defects in written publications, training

27   materials, manuals, and other media"). [2]

28   _____

[2] Plaintiff's citation to *Winter v. G. P. Putnam's Sons*, 938 F.2d 1033, 1036 (9th Cir. 1991), for the proposition that

1    Therefore, the undersigned recommends that counts one and two be dismissed with

2    prejudice for failure to state a claim as a matter of law.    *See Greene v. Sandaval*, No.

3    107CV00642AWIDLBPC, 2007 WL 2015560, at *2 (E.D. Cal. July 6, 2007), *report and*

4    *recommendation adopted*, No. 1:07CV00642 AWINEW, 2007 WL 2206910 (E.D. Cal. July 30,

5    2007); *Bly–Magee*, 236 F.3d at 1019; *Cato*, 70 F.3d at 1106; *Hartmann*, 707 F.3d at 1130.

6    b.    <u>Antitrust</u> (Counts Three & Five)

7    Next, Plaintiff brings two claims under Section 2 of the Sherman Act and

8    Section 4 Clayton Act.    (SAC at 5–6.)    Plaintiff's first antitrust claim, count three, for

9    "monopolizing the psychology licensing exam," is based on allegations that Defendant ASPPB

10    "with the goal of streamlining the licensing exam for psychologists to be used nationwide" has

11    "positioned itself to be the only psychology exam generator in the field of psychology." (SAC at

12    5).    Plaintiff further alleges that due to their monopoly, Defendant ASPPB "can charge any amount

13    of money, their exam does not need to prove its effectiveness, and [Defendant ASPPB can] continue

14    to build ineffective and misrepresented exams." (*Id.*)    Plaintiff's second antitrust claim, count five,

15    is for "attempted monopoly," in which he alleges that Defendant ASPPB is attempting to

16    monopolize the licensing for the field of Applied Behavior Analysis (ABA) by taking the position

17    that ABA should be understood as within the "authority of psychology licensing." (*Id.* at 6.)

18    Section 2 of the Sherman Act forbids (1) monopolization; (2) attempted monopolization;

19    and (3) conspiracy to monopolize.    *Pharmarx Pharm., Inc. v. GE Healthcare, Inc.*, No. 12-CV-

20    02594-MRP-VBK, 2012 WL 13426243, at *2 (C.D. Cal. Sept. 10, 2012).    And Section 4 of the

21    Clayton Act, 15 U.S.C. § 15, permits private civil actions to be brought by "any person who shall

22    be injured in his business or property by reason of anything forbidden in the antitrust laws."

23    Monopolization has two elements: (1) the possession of monopoly power in the relevant

24    market; and (2) the willful acquisition or maintenance of that power as distinguished from natural

25    growth.    *See United States v. Grinnell Corp.*, 384 U.S. 563, 570–71 (1966).    The Supreme Court

26    _____

27    "courts have recognized software and similar digital products as 'products' under modern product liability doctrine" is
inaccurate. (Doc. 23 at 4.)    *Winter*'s discussion of software left open the possibility that software "may" be a product,
but that discussion was ultimately dicta.    *Accord Social Media Cases*, No. 22STCV21355, 2023 WL 6847378, at *17

28    (Cal. Super. Oct. 13, 2023).

1  has held that "mere possession of monopoly power" is not unlawful, and that the antitrust laws only

2  reach possession of monopoly power plus anticompetitive conduct. *Verizon Commc'n, Inc. v. Law*

3  *Offices of Curtis V. Trinko*, 540 U.S. 398, 407 (2004).  Attempted monopolization has three

4  elements: (1) predatory or anticompetitive conduct; (2) specific intent to monopolize; and (3) that

5  the conduct led to a dangerous probability of achieving monopoly power. *See Spectrum Sports,*

6  *Inc. v. McQuillan*, 506 U.S. 447, 456 (1993).  Conspiracy to monopolize has four elements: (1) the

7  existence of a combination or conspiracy to monopolize; (2) an overt act in furtherance of the

8  conspiracy; (3) the specific intent to monopolize; and (4) causal antitrust injury. *See Paladin*

9  *Assocs., Inc. v. Mont. Power Co.*, 328 F.3d 1145, 1158 (9th Cir. 2003).

10       The undersigned finds that the Plaintiff has failed to state a claim as to either of his antitrust

11  claims.  First, as to count three, Plaintiff's only allegation of anticompetitive conduct is that "the

12  ASPPB has made each of the states use their exam since its inception." (SAC at 5).  But that is a

13  conclusory allegation—involving a merely "naked assertion," *see Twombly*, 550 U.S. at 555–57

14  (2007).  Plaintiff alleges no facts in support of this allegation. *Cf. Thomas v. Harder*, No. 23-35456,

15  2024 WL 4403868, at *2 (9th Cir. Oct. 4, 2024), *cert. denied*, 145 S. Ct. 1430 (2025) ("These

16  conclusory allegations do not suffice to state a plausible claim for relief." (citing *Iqbal*, 556 U.S. at

17  678)).  Critically, Plaintiff does not plausibly allege that Defendant ASPPB has any control over

18  what licensing regime any given state adopts other than advocating that states use the EPPP exam.

19  And advocating that the market adopt use of their product is not in and of itself anticompetitive

20  conduct.

21       Second, as to count five, Plaintiff likewise fails to allege specific facts supporting his

22  allegations of anticompetitive conduct.  The extent of Plaintiff's allegations as to this claim are that

23  in 2013 the ASPPB published a "Position Statement" that "posits the idea" that ABA professionals

24  should be subject to psychology licensing.  (SAC at 6.)  But publishing a position paper "positing"

25  an "idea" about the scope of the relevance of the EPPP test is not anticompetitive conduct.  Plaintiff

26  also fails allege any facts demonstrating that Defendant ASPPB had a specific intent to monopolize.

27       Therefore, the undersigned finds that Plaintiff has failed to state a claim as to counts three

28  and five.  Because Plaintiff may be able to allege further facts that cure this deficiency, the

1    undersigned recommends the Court grant leave to amend. *Bly–Magee*, 236 F.3d at 1014 (internal

2    quotation marks omitted); *Nordstrom*, 762 F.3d at 908.

3                     c.    <u>Negligence</u> (Count Four)

4                  Plaintiff's next claim, count four, is a state common law negligence claim.

5    (SAC at 5–6.)  Under California law, to plead a claim for negligence, "a plaintiff must prove duty,

6    breach, causation, and damages." *Conroy v. Regents of Univ. of California*, 203 P.3d 1127, 1132

7    (Cal. 2009).  The undersigned agrees with Defendant ASPPB that Plaintiff has failed to plausibly

8    allege that they owed a duty to Plaintiff.  (*See* Doc. 19-2 at 11–12.)

9        In Plaintiff's opposition to Defendant ASPPB's motion to dismiss, he contends that

10   "Defendants owed a duty to deliver a fair, valid, and transparent examination process."  (Doc. 23

11   at 4.)  But Plaintiff does not allege such a duty in his complaint and therefore Plaintiff's ex-post

12   rewriting of his complaint in his opposition to the motion to dismiss is insufficient to save his

13   negligence claim. *See Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 (9th Cir. 1998)

14   ("The "new" allegations contained in the . . .opposition motion, however, are irrelevant for Rule

15   12(b)(6) purposes.  In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look

16   beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a

17   defendant's motion to dismiss.").

18       The undersigned finds that Plaintiff has failed to state a claim for negligence because he has

19   failed to allege that Defendant ASPPB owed him a duty, and recommends that count four be

20   dismissed.  Because Plaintiff may be able to allege further facts that cure this deficiency, the

21   undersigned recommends the Court grant leave to amend. *Bly–Magee*, 236 F.3d at 1014 (internal

22   quotation marks omitted); *Nordstrom*, 762 F.3d at 908.

23                     d.    <u>Fraud Under 18 U.S.C. § 1001</u> (Count Six)

24                  Plaintiff's next count, count six, pleads fraud under 18 U.S.C.§ 1001.  (SAC

25   at 6.)  But section 1001 is a federal criminal statute that does not provide for a private right of

26   action. *Liam Meyer Tr. v. Yee*, No. 2:23-CV-1472-KJM-SCR, 2025 WL 303871, at *2 (E.D. Cal.

27   Jan. 27, 2025), *report and recommendation adopted*, No. 2:23-CV-1472 KJM SCR, 2025 WL

28   689826 (E.D. Cal. Mar. 4, 2025).  Therefore, the undersigned recommends that count six be

1  dismissed for failure to state a claim as a matter of law. *Greene*, No. 107CV00642AWIDLBPC,

2  2007 WL 2015560, at *2 (E.D. Cal. July 6, 2007); *Bly–Magee*, 236 F.3d at 1019; *Cato*, 70 F.3d at

3  1106; *Hartmann*, 707 F.3d at 1130. Because Plaintiff may be able to plead further facts pursuant

4  to a cognizable legal basis sounding in fraud, the undersigned recommends granting Plaintiff leave

5  to amend this claim. *Salazar v. Select Portfolio Servicing, Inc.*, No. 1:25-CV-00172-KES-SKO,

6  2025 WL 1424369, at *8 (E.D. Cal. May 16, 2025); *Bly–Magee*, 236 F.3d at 1014 (internal

7  quotation marks omitted); *Nordstrom*, 762 F.3d at 908.

8                          e.        <u>Use of AI</u> (Count Seven)

9               In count seven, Plaintiff alleges a claim for "Use of AI." (SAC at 7.)

10  Plaintiff identifies no legal basis for this claim, and the undersigned recommends count seven be

11  dismissed with prejudice. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)

12  ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts

13  alleged under a cognizable legal theory."); *Greene*, No. 107CV00642AWIDLBPC, 2007 WL

14  2015560, at *2 (E.D. Cal. July 6, 2007); *Bly–Magee*, 236 F.3d at 1019; *Cato*, 70 F.3d at 1106;

15  *Hartmann*, 707 F.3d at 1130.

16                         f.        <u>Unjust Enrichment </u>(Count Eight)

17               Plaintiff's eighth count is pled as a claim for "unjust enrichment." (SAC at

18  7.) The undersigned finds that Plaintiff has not stated a claim for unjust enrichment as "[u]njust

19  enrichment is not a cause of action, however, or even a remedy, but rather 'a general principle,

20  underlying various legal doctrines and remedies.'" *See McBride v. Boughton*, 20 Cal. Rptr. 3d 115,

21  121 (Cal. Ct. App. 2004) (quoting *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357

22  (Cal. Ct. App. 2003)); *Rutherford Holdings, LLC v. Plaza Del Rey*, 166 Cal. Rptr. 3d 864, 872 (Cal.

23  Ct. App. 2014) (same); *McKell v. Washington Mut., Inc.*, 49 Cal. Rptr. 3d 227, 254 (2006) ("[t]here

24  is no cause of action for unjust enrichment"). Therefore, the undersigned recommends count eight

25  be dismissed with prejudice for failure to state a claim as a matter of law. *See Balistreri*, 901 F.2d

26  at 699 ("Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient

27  facts alleged under a cognizable legal theory."); *Bly–Magee*, 236 F.3d at 1014.

28                        g.        <u>Fourteenth Amendment</u> (Count Nine)

1    Plaintiff's ninth claim alleges a violation of the Fourteenth Amendment's

2  guarantees of due process and equal protection.  (SAC at 7.)  The undersigned construes this as a

3  claim brought under 42 U.S.C. § 1983.

4    To state a claim under section 1983, a Plaintiff must plausibly allege state action.  *See Lugar*

5  *v. Edmondson Oil Co.*, 457 U.S. 922, 935 (1982).  Further, to establish state action on the part of a

6  private entity, the Supreme Court has "long held" that a Plaintiff must show more than "the fact

7  that the government licenses, contracts with, or grants a monopoly to a private entity." *Manhattan*

8  *Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 814 (2019).  Instead, to advance a cognizable theory

9  of state action by a private entity under section 1983, a Plaintiff must allege that the private entity

10  is "performing a traditional, exclusive public function"—even "if the government funds or

11  subsidizes a private entity."  *Id.* (collecting cases).  Plaintiff has not alleged so here.  Because

12  Plaintiff's allegations of state action are merely conclusory—involving merely "naked assertions,"

13  "labels and conclusions," and "a formulaic recitation of the elements of a cause of action," *see*

14  *Twombly*, 550 U.S. at 555–57 (2007)—the undersigned finds that Plaintiff has not stated a claim

15  for violations of the Fourteenth Amendment and recommends that count nine be dismissed.

16    Because Plaintiff may be able to allege further facts that cure this deficiency, the

17  undersigned recommends the Court grant leave to amend.  *Bly–Magee*, 236 F.3d at 1014 (internal

18  quotation marks omitted); *Nordstrom*, 762 F.3d at 908.

19    h.    Civil Rights Act: Title IV (Count Ten)

20    Plaintiff's tenth cause of action is brought under the Civil Rights Act of

21  1964. (SAC at 7.)  Title VI provides that no person "shall, on the grounds of race, color, or national

22  origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination

23  under any program or activity receiving Federal financial assistance" on the basis of race, color, or

24  national origin.  42 U.S.C. § 2000d.  The undersigned finds that this claim also fails to state a claim

25  as Plaintiff's complaint neither alleges that Defendant ASPPB receives federal assistance in

26  connection with the EPPP exam or Plaintiff's claims, nor alleges that Plaintiff belongs to one of the

27  enumerated protected classes.  (*See* SAC at 7.)  And while Plaintiff makes bare claims of federal

28  funding in his opposition to Defendants' motions to dismiss, (*see* Doc. 23 at 4), there are no such

allegations in his complaint.  His complaint only alleged federal funding as to state licensing boards, (*see* SAC at 7), which are not defendants in this case.  Without specific allegations in the complaint of federal assistance accepted by Defendant ASPPB or allegations that Plaintiff is part of a protected class, Plaintiff cannot state a claim under Title IV, *see Schneider*, 151 F.3d at 1197; 42 U.S.C. § 2000d.  Therefore, the undersigned recommends that this claim be dismissed.

Because Plaintiff may be able to allege further facts that cure this deficiency, the undersigned recommends the Court grant leave to amend.  *Bly–Magee*, 236 F.3d at 1014 (internal quotation marks omitted); *Nordstrom*, 762 F.3d at 908.

i.    <u>Discrimination Against Non-APA Accredited Programs</u> (Count Eleven)

Plaintiff's last claim, count eleven, is labeled "Discrimination Against Non-APA Accredited Programs," without providing a specific legal basis for this claim.  (SAC at 8.)  Because the Court is to construe *pro se* complaints liberally, *see Eminence Capital, LLC.*, 316 F.3d at 1051, the undersigned considers whether Plaintiff could state a claim for "discrimination against non-APA accredited programs" under any federal or state anti-discrimination laws.  The undersigned finds that he cannot, as Plaintiff has not established standing.

To demonstrate standing, a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to the [defendant's] action, and that the injury can be redressed by a favorable decision."  *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  And in doing so, "Plaintiff must show that [they are] affected in a personal and individual way."  *Jones v. Dollar Tree Stores, Inc.*, No. 204CV2002MCEKJM, 2006 WL 1408667, at *4 (E.D. Cal. May 19, 2006) (quoting *Pickern v. Holiday Quality Foods, Inc.*, 293 F.3d 1133, 1137–38 (9th Cir. 2002)).  Plaintiff has not so shown.  Even assuming Defendants did discriminate against non-APA accredited programs, Plaintiff's allegations fail to establish that he had suffered personal injury as he has not alleged that he has any role in, responsibility in, or authority to act in a representative capacity as to non-APA accredited schools.  Therefore, the undersigned finds that Plaintiff has failed to state a claim as to his claim for "Discrimination Against Non-APA accredited programs.

Because Plaintiff may be able to allege further facts that cure this deficiency, the undersigned recommends the Court grant leave to amend.  *Bly–Magee*, 236 F.3d at 1014;

1    *Nordstrom*, 762 F.3d at 908.

2                            **VIII.   CONCLUSION**

3          For the foregoing reasons, the undersigned RECOMMENDS the following:

4          (1) Defendant ASPPB's request for judicial notice (Doc. 19-3) be GRANTED;

5          (2) Defendant Pearson's motion to dismiss (Docs. 18), be GRANTED with leave to amend;

6          (3) Defendant ASPPB's motion to dismiss, (Doc. 19), be GRANTED with leave to amend

7               as to counts 3, 4, 5, 6, 9, 10, and 11; and

8          (4) Plaintiff's motion for leave to amend be DENIED as MOOT.

9          These findings and recommendations are submitted to the district judge assigned to this

10   action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one

11   (21) days of service of this recommendation, any party may file written objections to these findings

12   and recommendation with the Court and serve a copy on all parties.  The document should be

13   captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge

14   will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C.

15   § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may

16   result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

17

18   IT IS SO ORDERED.

19   Dated:   **July 31, 2025**                          */s/ Sheila K. Oberto*

20                                                       UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

                                              14