**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JASON R. FRYE,<br><br>            Plaintiff,<br><br>    v.<br><br>THE ASSOCIATION OF STATE AND PROVINCIAL PSYCHOLOGY BOARDS (ASPPB), et al.,<br><br>            Defendants. | Case No. 1:25-cv-0236 KES SKO<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANTS' MOTIONS TO DISMISS WITH LIMITED LEAVE TO AMEND (Docs. 18, 19, 30)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTIONS FOR LEAVE TO AMEND (Docs. 24, 36)<br><br>ORDER DENYING PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE (Docs. 43, 44)<br><br>ORDER DIRECTING PLAINTIFF TO FILE A FOURTH AMENDED COMPLAINT WITHIN 30 DAYS |

Jason Frye seeks to hold the defendants liable for violations of federal and state law related to the Examination for Professional Practice in Psychology, the licensing exam for psychologists, which is manufactured by defendant Association of State and Provincial Psychology Boards ("ASPPB") and distributed by defendant NCS Pearson, Inc. ("Pearson") (sued as "Pearson Vue"). *See* Doc. 12, 30. Defendants ASSPB and Pearson each moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Docs. 18, 19. While these motions were pending, Frye moved to amend the pleadings and lodged a proposed third amended

1

complaint.  Docs. 24, 25.

The Court referred the pending matters to the assigned magistrate judge.  Doc. 22.  The magistrate judge issued findings and recommendations, recommending that defendants' motions be granted with limited leave to amend and that Frye's motion to amend be denied as moot.  Doc. 30.  For the reasons set forth below, the Court **ADOPTS** the findings and recommendations.

## I.    BACKGROUND

Frye alleges the following claims in his second amended complaint ("SAC"): (1) product liability as a manufacturing defect, (2) product liability design defect, (3) monopolizing the psychology licensing exam, (4) negligence, (5) attempted monopoly, (6) fraud, (7) using AI to alter the test questions as the test taker works, (8) unjust enrichment, (9) violation of the Fourteenth Amendment's guarantees of equal protection and due process, (10) violation of Title VI of the Civil Rights Act, and (11) discriminatory and biased treatment based on educational background as a violation of the Fourteenth Amendment and Title VI of the Civil Rights Act.

Pearson and the ASPPB filed their motions to dismiss the SAC on July 7, 2025.  Docs. 18, 19.  Frye filed his opposition on July 15, 2025.  Doc. 23.  The following day, Frye filed a motion for leave to amend his complaint and lodged a proposed third amended complaint.  Docs. 24, 25.  Defendants filed their reply briefs on July 25, 2025.  Docs. 28, 29.  The magistrate judge issued findings and recommendations addressing the motions to dismiss on August 1, 2025.  Doc. 30.

On August 1, 2025—after the magistrate judge had already issued the findings and recommendations—the Court received Frye's motion for leave to file a sur-reply to Pearson's brief.  Doc. 31.  The magistrate judge denied the request as moot, noting the findings and recommendations were issued and Frye had the opportunity to file objections.  Doc. 32.  The Court received a second motion for leave to file a sur-reply from Frye on August 4, 2025.  Doc. 33.  The magistrate judge also denied the second motion as moot.  *Id.* at 34.

## II.    FINDINGS AND RECOMMENDATIONS

The magistrate judge reviewed the SAC and found "no facts related to Defendant Pearson."  Doc. 30 at 5.  Given the lack of allegations, the magistrate judge recommended all claims against Pearson be dismissed without prejudice.  *Id.* at 6.  The magistrate judge also

2

determined Frye failed to "state[] a claim against Defendant ASPPB."  *Id.* (emphasis omitted).

### A.  Products liability

The magistrate judge found Frye's claims for manufacturing defect and design defect failed, because the Examination for Professional Practice in Psychology ("EPPP exam") is not "product" for purposes of the relevant California law.  Doc. 30 at 7 (citing *Accord T.V. v. Grindr, LLC*, 2024 WL 4128796, at *21 (M.D. Fla. Aug. 13, 2024)).  The magistrate judge recommended "Claim 1" and "Claim 2" for product liability "be dismissed with prejudice for failure to state a claim as a matter of law."  *Id.* at 8.

### B.  Antitrust

As to the antitrust claims under the Sherman Act and Clayton Act, the magistrate judge found the allegations were insufficient.  Doc. 30 at 8-10.  The magistrate judge explained, that in the SAC, the "only allegation of anticompetitive conduct is that 'the ASPPB has made each of the states use their exam since its inception.'"  *Id.* at 9 (quoting Doc. 12 at 5).  The magistrate judge observed that Frye did not allege "ASPPB has any control over what licensing regime any given state adopts other than advocating that states use the EPPP exam," and "advocating that the market adopt use of their product is not in and of itself anticompetitive conduct."  *Id.*  Similarly, the magistrate judge found the allegations did not support a conclusion that "ASPPB had a specific intent to monopolize."  *Id.*  The magistrate judge determined the pleading deficiencies could conceivably be cured by amendment and recommended the antitrust claims—"Claim 3" and "Claim 5" in the SAC— be dismissed with leave to amend.  *Id.* at 10, 14.

### C.  Negligence

The magistrate judge found that the negligence claim in the SAC did not include any allegation that ASPPB had a duty to Frye.  Doc. 30 at 10.  The magistrate judge noted that Frye asserted in his opposition that there was "a duty to deliver a fair, valid, and transparent examination process," but found he did "not allege such a duty in his complaint."  *Id.* (citation omitted).  The magistrate judge found that Frye may be able to allege additional facts in support of his negligence claim and recommended that "Claim 4" be dismissed with leave to amend.  *Id.*

### D.     Fraud

The magistrate judge observed that Frye attempted to bring a claim for fraud under 18 U.S.C. § 1001, which "is a federal criminal statute that does not provide for a private right of action."  Doc. 30 at 10 (citing *Liam Meyer Tr. v. Yee*, 2025 WL 303871, at *2 (E.D. Cal. Jan. 27, 2025)).  For this reason, the magistrate judge found dismissal was appropriate.  *Id.* at 10-11. But as the magistrate judge found Frye might be able to allege a state law fraud claim, the magistrate judge recommended dismissal of "Claim 6" with leave to amend.  *Id.* at 11.

### E.     Use of AI

As a seventh cause of action, Frye alleged the defendants improperly used AI in the administration of the EPPP exam.  Doc. 12 at 7. The magistrate judge found there was "no legal basis for this claim," and recommended "Claim 7" be dismissed with prejudice. Doc. 30 at 11.

### F.     Unjust enrichment

"Claim 8" alleges the defendants are liable for "unjust enrichment."  Doc. 12 a 7.  The magistrate judge observed that "unjust enrichment" is neither a proper cause of action nor a remedy, but instead "a general principle, underlying various legal doctrines and remedies." Doc. 30 at 11 (quoting *McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121 (Cal. Ct. App. 2004)). The magistrate judge found the claim failed "as a matter of law" and recommended dismissal with prejudice for Claim 8.  *Id.*

### G.     Fourteenth Amendment violations

In the SAC, Frye identified "Claim 9" as encompassing violations of the Fourteenth Amendment, asserting that "the licensure exam process… systemically denies equal protection and due process to candidates." Doc. 12 at 7.  The magistrate judge construed "Claim 9" as a civil rights claim under 42 U.S.C. § 1983 but found such a claim failed because Frye did not allege facts sufficient "to advance a cognizable theory of state action by a private entity."  Doc. 30 at 12.  The magistrate judge found Frye might be able to allege additional facts to support his claim and recommended that the claim be dismissed with leave to amend.  *Id.*

### H.     Title VI

The magistrate judge observed that "Title VI provides that no person 'shall, on the

4

grounds of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance' on the basis of race, color, or national origin." Doc. 30 at 12 (quoting 42 U.S.C. § 2000d). The magistrate judge observed that Frye did not allege the defendants received federal assistance in relation to the EPPP exam and did not allege membership in one of the Title VI protected classes. *Id.* The magistrate judge determined that Frye might be able to cure the pleading deficiencies with amendment and recommended the dismissal of "Claim 10" with leave to amend. *Id.* at 13.

### I.    Discrimination

The magistrate judge observed that "Claim 11" is for "Discrimination Against Non-APA Accredited Programs," but found Frye did not "provid[e] a specific legal basis for this claim." Doc. 30 at 13. Liberally construing the claim, the magistrate judge considered whether Frye could state a claim under "any federal or state anti-discrimination laws." *Id.* The magistrate judge found Frye did not establish standing for such a claim, because he failed to allege "any role in, responsibility in, or authority to act in a representative capacity as to non-APA accredited schools." *Id.* The magistrate judge considered that further facts might cure the pleading deficiency and recommended dismissal of "Claim 11" with leave to amend. *Id.* at 13, 14.

### J.    Leave to amend

The magistrate judge observed that Frye filed a motion for leave to amend and lodged a third amended complaint while the motion to dismiss was pending resolution, and recommended the motion be denied as moot in light of the above findings and recommendations. Doc. 30 at 14.

## III.    OBJECTIONS AND SUPPLEMENTAL FILINGS

On February 10, 2026, the Court served the findings and recommendations on the parties and notified them that any objections were to be filed within 21 days. Doc. 30 at 14. The Court advised that "failure to file objections within the specified time may result in the waiver of rights on appeal." *Id.* at 5-6 (citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)). Neither defendant filed objections. Frye filed objections, supplementary evidence, and requests for judicial notice in response to the finding and recommendations. Docs. 39-45, 47-51.

Frye objects to the findings of the magistrate judge and "submits new evidence to supplement the record and justify modification of the magistrate's conclusions." Doc. 39 at 2; *see also id.* at 4-40. Frye identifies three specific objections: (1) "the dismissal of Counts 3 through 6"; (2) "denial of leave to file the third amended complaint as moot"; and (3) the denial of leave to file his sur-reply briefs. Doc 39 at 2-3 (cleaned up). He also contends his product liability claim is "salvageable" and alleges he can identify a defect in the test content/platform. *Id.* at 4. Frye also submits with his objections a "proposed Corrected Third Amended complaint," which he asserts "includes new and material allegations that directly address concerns raised by the Court," including allegations as to the conduct of each defendant. *Id.* at 3; *see also id.* at 33-38, Doc. 35.

### A.      Standard of review

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations . . . ". 28 U.S.C. § 636(b)(1). If any party files objections, "the court shall make a determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.* A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### 1.      Supplemental filings

Frye filed evidence with his objections, followed by several requests for judicial notice, supplemental declarations, and evidentiary submissions. *See* Doc. 39 at 6, 10-32, 40; Docs. 35, 37, 40-45, 50-51. On a motion under Rule 12(b)(6), the Court's review is generally restricted to the facts as alleged; it does not extend to facts or causes of action that *could* be alleged in an amended pleading. *McQueen v. Brown*, 2019 WL 949442, at *8 (E.D. Cal. Feb. 16, 2019) ("the court's analysis on a motion to dismiss is necessarily limited to the allegations of the operative complaint"). Accordingly, the Court limits its review to allegations in the SAC before the magistrate judge and declines to consider the proposed third amended complaint or supplemental filings. Frye's related requests for judicial notice are **DENIED**.[1]

---

[1] The Court also is not required to consider new arguments raised in objections. *Syed v. M-I,*

### 2.      Dismissal of Claims "3 through 6"

Frye states that he objects to the dismissal of Claims 3 through 6 , which as enumerated in the SAC include claims for antitrust violations, negligence, and fraud.  *See* Doc. 12 at 5-6.  But in his objections, Frye identifies these claims as encompassing "equal protection, due process, fraud, [and] deceit."  Doc. 39 at 2.  Based upon the arguments presented, it appears Frye objects to the dismissal of his claims for fraud (claim 6) and Fourteenth Amendment violations (claim 9).[2]  *Id.*

#### a.      Fraud

Frye contends his claim for fraud is "supported by allegations that Defendants failed to disclose" the structure of the EPPP, including AI-assisted content, the scoring standards, and "disproportionate failure rates tied to certain candidate backgrounds."  Doc. 39 at 2.  He contends that this evidence "was not yet part of the record" when the magistrate judge denied his motion to file a sur-reply.  *Id.*  With this assertion, Frye implicitly acknowledges that the allegations were not included in his SAC.

As the magistrate judge observed, Frye's claim for fraud was based upon an alleged violation of 18 U.S.C. § 1001.  *See* Doc. 12 at 6.  Section 1001 is a criminal statute, which "criminalizes false statements and similar misconduct occurring 'in any matter within the jurisdiction of any department or agency of the United States.'"  *Hubbard v. United States*, 514 U.S. 695, 699 (1995).  Individuals such as Frye "do not have standing to sue for violations of that criminal statute."  *Williams v. Aetna Inc.*, 2021 WL 1752047, at *7 (E.D. Cal. May 3, 2021); *see also Hammerlord v. City of San Diego,* 2012 WL 5388919, at *4 (S.D. Cal. Nov. 2, 2012)

---

*L.L.C.*, 2014 WL 6685966, at *7 (E.D. Cal. Nov. 26, 2014) (explaining the "court has discretion to consider or decline new arguments raised for the first time in an objection to a findings and recommendations") (citing *Brown v. Roe*, 279 F.3d 742, 745 (9th Cir. 2002)); *see also Beckley v. Berryhill*, 2019 WL 521580, at *2 (C.D. Cal. Feb. 8, 2019) (declining to consider an argument raised for the first time in the plaintiff's objections to a magistrate judge's findings and recommendation).  The Court exercises its discretion to not consider new arguments not presented to the magistrate judge concerning the sufficiency of the SAC.

[2] Objections to any findings by the magistrate judge must be "specific." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). A judge "should not have to guess what arguments an objecting party depends on" when reviewing a magistrate judge's analysis and findings. *Valdez v. Bisignano*, 2025 WL 2330229, at *4 (E.D. Cal. Aug. 12, 2025) (citation omitted).  As Frye makes no specific arguments related to his antitrust and negligence claims, the Court declines to address these causes of action.

("Claims of fraud or false statements under 18 U.S.C. § 1001 . . . are barred because these criminal statutes do not expressly create a private right of action upon which plaintiff may sue defendants").  New factual allegations—whether in the objections or proposed pleading—could not cure this defect.

Moreover, the allegations in the objections do not support a claim for fraud.  When a plaintiff asserts the defendants engaged in fraudulent conduct, the claim is subjected to the heightened pleading standards of Rule 9 of the Federal Rules of Civil Procedure.  *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009).  Rule 9 requires a complaint to identify "with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  When alleging fraud against corporate defendants, "a plaintiff must allege the names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written."  *Cornejo v. Ocwen Loan Servicing, LLC*, 151 F. Supp. 3d 1102, 1108 (E.D. Cal. 2015) (citation omitted).  As the allegations in the SAC and objections fail to meet this standard, Frye fails to show any error by the magistrate judge in her analysis of the claim for fraud.

### b.    Due process and equal protection

Frye asserts his claim for violations of the Fourteenth Amendment should not be dismissed because his "complaint plausibly alleges that Defendant's administration and structure of the EPPP has had a discriminatory impact on vulnerable populations."  Doc. 39 at 2.  But this objection fails to address the magistrate judge's analysis.

A plaintiff may not state a claim "directly under the Constitution," and the Fourteenth Amendment does not provide a private cause of action.  *See Martinez v. City of Los Angeles*, 141 F.3d 1373, 1382 (9th Cir. 1988).  Rather, as the magistrate judge explained, Frye must proceed under 42 U.S.C. § 1983, which "provides a method for vindicating federal rights elsewhere conferred."  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks omitted).  To state a cognizable Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person or entity who committed the alleged violation acted under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams*

8

*v. Gorton*, 529 F.2d 668, 670 (9th Cir. 1976).

The Supreme Court identified four tests to determine whether a private individual or entity's actions implicate state action: (1) the public function test, (2) the joint action test, (3) the state compulsion test, and (4) the governmental nexus test. *Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997). As the magistrate judge observed, Frye's allegations concerning "state action" are conclusory. The Court is unable to find any of these state action tests are satisfied. Frye's objections do not identify a legal error by the magistrate judge as to this claim.

### 3.    Products liability claims

Frye contends that his product liability claims are "salvageable" because he can clarify the "defect" in the EPPP "test content/platform." Doc. 39 at 4. This argument does not address the findings of the magistrate judge, who found the product liability claims fail because the EPPP exam is not a *product* for purposes of the relevant California law. Doc. 30 at 6-8 (citing *Accord T.V.*, 2024 WL 4128796 at *21). As this deficiency cannot be cured by amendment, Frye fails to show a basis for leave to amend as to this claim.

### 4.    Denial of motion to amend as moot

After recommending the Court grant the defendants' motions to dismiss, the magistrate judge recommended the denial of Frye's motion for leave file his Third Amended Complaint ("TAC") as moot. Doc. 30 at 14. Frye contends this was an error, because his proposed pleading "includes new and material allegations." Doc. 39 at 3.

As discussed above, the Court's review on a motion under Rule 12(b)(6) does not consider allegations that *could* be made in future pleadings, such as Frye's proposed TAC. *See McQueen*, 2019 WL 949442, at *8. In addressing the motions to dismiss, the magistrate judge recommended granting leave to amend claims where the deficiencies could be cured by amendment. Granting leave under Rule 12(b)(6) moots a concurrent or subsequent request for leave under Rule 15 of the Federal Rules of Civil Procedure. *See, e.g., Epicrew USA v. Cap. Asset. Exch. & Trading, LLC*, 2025 WL 1382863, at *5 (N.D. Cal. May 13, 2025) (explaining a separate motion for leave to amend was moot after the court granted leave to amend in its ruling on a motion to dismiss). For this reason, magistrate judge's recommendation that the Court deny

leave to file the TAC was procedurally proper.[3]

### B. Reconsideration of motions to file sur-reply briefs

Frye's remaining "objection" relates to the denial of his motions to file sur-reply briefs. Doc. 39 at 3. As the magistrate judge issued these rulings as *orders*, the Court construes "Objection 3" as a motion for reconsideration.

Rule 72(a) of the Federal Rules of Civil Procedure provides that non-dispositive pretrial matters may be referred to and decided by a magistrate judge, subject to review by the assigned district judge. Fed. R. Civ. P. 72 (a); *see also* Local Rule 303(c). The district judge shall modify or set aside any part of the magistrate judge's order which is "found to be clearly erroneous or contrary to law." Local Rule 303(f); *see also* 28 U.S.C. § 636(b)(1)(A). Factual determinations are reviewed for clear error, while legal conclusions are reviewed to determine whether they are contrary to law. *United States v. McConney*, 728 F.2d 1195, 1200-01 (9th Cir. 1984), *overruled on other grounds by Estate of Merchant v. CIR*, 947 F.2d 1390 (9th Cir. 1991). "A magistrate judge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of [the] applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, 2014 WL 3563312, at *1 (E.D. Cal. 2014). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted); *see also Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997).

Generally, litigants do not have a right to file a sur-reply brief under the Federal Rules of Civil Procedure, and the Local Rules governing motion briefings schedules do not provide for such filings. *Garcia v. Biter,* 195 F.Supp.3d 1131, 1133-34 (E.D. Cal. July 18, 2016); *see also* L.R. 230. However, district courts have the discretion to either permit or preclude a sur-reply. *See U.S. ex rel. Meyer v. Horizon Health Corp.*, 565 F.3d 1195, 1203 (9th Cir. 2009); *Riley v. Friedrichs*, 793 Fed. Appx. 614, 615 (9th Cir. 2020). The Court received both motions to file

---

[3] The same reasoning applies to Frye's motion for leave to file a corrected third amended complaint, filed while the findings and recommendations remained pending. Accordingly, Frye's motion dated August 11, 2025 (Doc. 36) is likewise denied as moot.

sur-replies *after* the findings and recommendations were issued.  It was not an abuse of discretion to decline to re-open briefing, particularly because such sur-reply briefs are not authorized under the Federal Rules of Civil Procedure or the Local Rules.  Frye fails to show the magistrate judge acted contrary to law in denying the motions.

**IV.    CONCLUSION AND ORDER**

According to 28 U.S.C. § 636(b)(1), the Court performed a de novo review of this case. Having carefully reviewed the entire matter—including review of the objections and supplemental filings—the Court concludes the findings and recommendations are supported by the record and proper analysis.

The Court **ORDERS**:

1. The findings and recommendations dated August 1, 2025 (Doc. 30) are **ADOPTED** in full.

2. ASPPB's request for judicial notice (Doc. 19-3) is **GRANTED.**

3. Pearson's motion to dismiss (Doc. 18), is **GRANTED** with leave to amend.

4. ASPPB's motion to dismiss (Doc. 19) is **GRANTED** with leave to amend, limited to amendment of <u>only</u> Claims 3, 4, 5, 6, 9, 10, and 11.

5. Plaintiff's "Objection 3," construed as a motion for reconsideration, is **DENIED**.

6. Plaintiff's motions for leave to amend (Docs. 24, 36) are denied as **MOOT**.

7. Plaintiff's request for judicial notice of evidence in support of his objections (Docs. 43, 44) are **DENIED**.

8. Plaintiff **SHALL** file a Fourth Amended Complaint within 30 days of the date of service of this order.[4]

///

///

///

///

_____

[4] For the sake of clarity on the docket—given the number of lodged documents identified as a "third amended complaint" and its subsequent proposed revisions—the Court finds it appropriate to have the pleading identified as the "Fourth Amended Complaint."

**Plaintiff is advised the failure to file a Fourth Amended Complaint as ordered will result in dismissal without prejudice for failure to comply with the Court's order and failure to prosecute.**

IT IS SO ORDERED.

Dated:    March 29, 2026

_____
UNITED STATES DISTRICT JUDGE

12