# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON R. FRYE,<br><br>  Plaintiff,<br><br>  vs.<br><br>THE ASSOCIATION OF STATE AND PROVINCIAL PSYCHOLOGY BOARDS (ASPPB),<br><br>  Defendants. | Case No.: 1:25-cv-00236-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S CLAIMS AGAINST DEFENDANT PEARSON EDUCATION, INC. BE STRIKCKEN AND COUNTS THREE AND FOUR OF PLAINTIFF'S FOURTH AMENDED COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>(Docs. 64)<br><br><u>OBJECTIONS DUE: 21 DAYS</u> |

## I.     INTRODUCTION

Plaintiff Jason R. Frye, proceeding *pro se*, initiated this action against The Association of State and Provincial Psychology Boards ("ASPPB") and NCS Pearson, Inc. ("Pearson") (sued as "Pearson Vue") (collectively, "Defendants") by filing a complaint on February 24, 2025. (Doc. 1). On March 11, 2025, the previously assigned magistrate issued an order to show cause requiring Plaintiff to sufficiently plead federal jurisdiction. (Doc. 3). March 19, 2025, Plaintiff filed a First Amended Complaint, (Doc. 4), and a Second Amended Complaint on June 23, 2025. (Docs. 12 ("SAC"), 23).

Defendants filed each filed Motions to Dismiss the First Amended Complaint on July 7,

2025.  (Docs. 18, 19).  On August 1, 2025, the previously assigned magistrate issued findings and recommendations that Defendants' Motions to Dismiss be granted and that Plaintiff be granted limited leave to amend as to only counts three, four, five, six, nine, ten, and eleven.  (Doc. 30).  On March 30, 2026, District Judge Sherriff adopted the findings and recommendations and ordered Plaintiff to file a Fourth Amended Complaint within 30 days.  On April 13, 2026, Plaintiff filed a Fourth Amended Complaint ("FAC"), (Doc. 54), which includes allegations against an additional Defendant, Pearson Education, Inc., which District Judge Sherriff has referred to the undersigned for screening, (Doc. 64).

The undersigned has reviewed Plaintiff's FAC and for the reasons set forth below, the undersigned will recommend that Plaintiff's claims against Defendant Pearson Education, Inc. be stricken and that Plaintiff's third and fourth claims in his FAC be dismissed without further leave to amend.

## II.    FACTUAL & PROCEDURAL BACKGROUND

Plaintiff's allegations center around Examination for Professional Practice in Psychology ("EPPP exam"), the licensing exam for psychologists, which is "develop[ed], own[ed], and control[ed]" by Defendant ASPPB and administered by Defendant Pearson.  (FAC ¶¶ 7–8).  Each state licensing board mandates that a licensing candidate take the EPPP exam.  (*Id.* ¶¶ 10).

Plaintiff alleges the following claims: (1) monopolization pursuant to 15 U.S.C. § 2, (2) restraint of trade pursuant to 15 U.S.C. § 1, (3) a violation of the due process clause pursuant to 42 U.S.C. § 1983,[1] and (4) common law negligence.  (*See id.* at ¶¶ 68–85).

## III.    LEGAL STANDARD

Notwithstanding any filing fee, a Court shall dismiss the case at any time if the Court determines that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998) (affirming *sua*

---

[1] Plaintiff lists "Equal Protection" as a part of his claim under section 1983 but pleads no facts supporting any claim for a violation of the Equal Protection Clause.  (*See* FAC ¶¶ 77–81).  Therefore, the Court construes count three as alleging only a violation of the Due Process Clause.  *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 n. 2 (9th Cir. 1996) ("the label that a plaintiff places on [her] pleadings . . . does not determine the nature of [her] cause of action").

*sponte* dismissal for failure to state a claim). If the Court determines that a complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint may be dismissed as a matter of law for failure to state a claim based on (1) the lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court is ordinarily limited to the main pages of the complaint in determining whether to dismiss a complaint. *See Van Buskirk v. Cable News Network, Inc*., 284 F.3d 977, 980 (9th Cir. 2002). Thus, the plaintiff must allege a minimum factual and legal basis in their complaint for each claim that is sufficient to give each defendant fair notice of what the plaintiff's claims are and the grounds upon which they rest. *See, e.g., Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court, however, need not accept a plaintiff's legal conclusions as true. *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

## VI.   DISCUSSION

**A.   Plaintiff did not have leave of Court to bring claims against Defendant Pearson Education, Inc.**

In this Court's March 30, 2026 Order Adopting Findings and Recommendations, the

3

Court allowed Plaintiff leave to amend the second amended complaint "limited to amendment of only Claims 3, 4, 5, 6, 9, 10, and 11." (*See* Doc. 53 at 11). It did not give Plaintiff *carte blanche* permission to amend his complaint to add new parties or new claims. Accordingly, the undersigned recommends striking the allegations against Pearson Education, Inc., without prejudice to the filing of a motion to amend to add Peason Education, Inc. as a Defendant. *See* Fed. R. Civ. P. 15(a)(2).

**B.      Plaintiff fails to state a claim against Defendants ASPPB & Pearson VUE as to Counts Three and Four.**

a.      Fourteenth Amendment (Count Three)

Plaintiff's third claim alleges a violation of 42 U.S.C. § 1983, based on an alleged violation of his Fourteenth Amendment right to procedural due process. Specifically, Plaintiff alleges that "Defendants deprived Plaintiff of [his protected interest in pursuing his profession] without adequate procedural safeguards" as "Plaintiff was not provided with meaningful notice of scoring deficiencies, was not given access to examination materials, and was not provided with a mechanism to challenge or appeal examination results." (FAC ¶¶ 80–81).

A plaintiff may bring an action under section 1983 to redress violations of their "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983; *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–95 (1978); *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004). To state a claim under section 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right because of the defendant's conduct. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Further, where, as here, a Plaintiff brings a section 1983 claim against a private entity, the Supreme Court has "long held" that a Plaintiff must show more than "the fact that the government licenses, contracts with, or grants a monopoly to a private entity." *Manhattan Cmty. Access Corp. v. Halleck*, 587 U.S. 802, 814 (2019). Instead, to advance a cognizable theory of state action by a private entity under section 1983, a Plaintiff must allege that the private entity is "performing a traditional, exclusive public function"—even "if the government funds or subsidizes a private entity." *Id.* (collecting cases).

4

Turning to Plaintiff's specific allegation of constitutional injury, in order to state a procedural due process claim under section 1983, a plaintiff must additionally allege the following: (1) a deprivation of a constitutionally protected liberty or property interest and (2) a denial of adequate procedural protections. *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003); *see also Bd. of Regents v. Roth*, 408 U.S. 564, 569–70 (1972). "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976).

Even accepting that (1) Plaintiff can establish that Defendants are liable under section 1983 by satisfying the test for state action and (2) Plaintiff has a constitutionally protected liberty interest at stake, courts have routinely found that the opportunity to retake a licensing exam satisfies the procedural due process requires of notice and an opportunity to be heard in the context of licensing examinations. *See Brewer v. Wegmann*, 691 F.2d 216, 217 (5th Cir. 1982) (finding that bar-examination procedure that included destruction of examinations after grading thereby denying applicant an opportunity review his own examination or obtain review of the fairness of the grade did not violate due process because applicant could retake the examination); *Tyler v. Vickery*, 517 F.2d 1089, 1103–05 (5th Cir. 1975) (holding that due process is not offended by a bar-examination procedure that does not allow failing applicants to obtain review of the determination that he failed, "primarily because an unqualified right to retake the examination at its next regularly scheduled administration satisfies both the purpose of a hearing and affords it protection"); *Singleton v. La. State Bar Ass'n*, 413 F. Supp. 1092, 1098–1100 (E.D. La. 1976) (finding that destruction of examination papers and the lack of a procedure for review of a failing paper did not offend due process); *Whitfield v. Illinois Bd. of L. Examiners*, 504 F.2d 474, 477 (7th Cir. 1974) (due process does not require that a bar applicant be permitted to see his examination when he had a right to retake it because "reexamination provides an adequate means of exposing grading errors."); *accord Glaser v. Bd. of Bar Examiners*, 17 F.3d 394 (9th Cir. 1994); *Sutton v. Lionel*, 585 F.2d 400, 403 (9th Cir. 1978). Therefore, because Plaintiff is permitted to retake the exam, (*see* FAC ¶¶ 32, 38, 57–58), the undersigned finds that he cannot state a section 1983 claim for a violation of procedural due process under the Fourteenth Amendment. Accordingly, the undersigned recommends that this

5

claim should be dismissed without further leave to amend, as Plaintiff was previously given leave to amend. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." (citation omitted)).

                b.      Negligence (Count Four)

Plaintiff's next alleges a state common law negligence claim. As to this claim, Plaintiff alleges that "Defendants owed a duty to design, administer, and score the EPPP in accordance with generally accepted psychometric and professional testing standards including standards for validity, reliability, and fairness, as established by the *Standards for Educational and Psychological Testing* and as represented in Defendants' own testing materials." (FAC ¶ 83). He then alleges that that duty was breached by Defendants failure "to disclose scoring methodologies," failure "to provide meaningful performance feedback to examinees," and requirement of "repeated examination attempts without providing information sufficient to identify deficiencies or improve performance." (*Id.* ¶ 84).

Under California law, to plead a claim for negligence, "a plaintiff must prove duty, breach, causation, and damages." *Conroy v. Regents of Univ. of Cal.*, 203 P.3d 1127, 1132 (Cal. 2009). The undersigned finds that while the FAC lists various ways that Defendants allegedly breached their duty to the Plaintiff, the FAC "does not provide any statutory or common law basis for finding that a legal duty existed." *Zakar v. CHL Mortg. Pass-Through Tr. 2006-HYB3 Mortg. Pass-Through Certs., Series 2006-HYB3*, No. 11CV0457 AJB WVG, 2011 WL 4899953, at *4 (S.D. Cal. Oct. 13, 2011). Further, even if the Court accepted that Defendants owed Plaintiff the alleged duties and that those duties are cognizable, the undersigned finds that Plaintiff fails to advance a tenable theory as to how his allegations as to breach relate to his theory as to the duties Defendants allegedly owed Plaintiff. Put another way, Plaintiff has not advanced any theory as to how failures "to disclose scoring methodologies" or "to provide meaningful performance feedback to examinees," or a requirement of "repeated examination attempts without providing information sufficient to identify deficiencies or improve performance" amount to a failure in Defendants alleged "duty to *design*, *administer*, and *score*" the EPPP "in accordance with generally accepted

psychometric and professional testing standards."

Therefore, because the undersigned finds that Plaintiff has failed to state a claim for negligence because he has failed to allege a legally cognizable duty or plausibly allege breach of any such duty, the undersigned recommends count four be dismissed without leave to amend, as leave to amend was previously granted. *See Allen*, 911 F.2d at 373.

## VIII.    CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS the following:

(1)    Plaintiff's claims against Defendant Pearson Education, Inc. be STRICKEN; and

(2)    Counts three and four of Plaintiff's Fourth Amended Complaint be DISMISSED without further leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   __**May 11, 2026**__                        _____
                                                      UNITED STATES MAGISTRATE JUDGE

7